Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
abennecoff@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG ADAMS,<br><br>      Plaintiff,<br><br>v.<br><br>ENHANCED RECOVERY COMPANY, LLC,<br><br>      Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET. SEQ.;**<br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET. SEQ.**<br>**3. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

CRAIG ADAMS ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ENHANCED RECOVERY COMPANY, LLC ("Defendant"):

- 1 -

PLAINTIFF'S COMPLAINT

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et. seq.* ("RFDCPA"), and Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq. ("TCPA")

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of California and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § (b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Sacramento, California.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a corporation specializing in debt collection with a business address located at 8014 Bayberry Road, Jacksonville, Florida 32256.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

10. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff as the term is defined by the FDCPA at 15 U.S.C. § 1692a(5) and the RFDCPA at Cal. Civ. Code §1788.2(f).

13. Upon information and belief, the debt arose out of transactions that were for personal, family or household purposes.

14. Between July 2014 and July 2015, Defendant's collectors placed repeated harassing debt collection calls to Plaintiff's cellular telephone seeking to collect an alleged debt.

15. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

16. Defendant's telephone calls were not made for "emergency purposes."

17. In automated messages it left for Plaintiff, Defendant would indicate they were calling for Plaintiff, that they were seeking to collect a debt, and sought a return call.

18. In some communications, Defendant advised Plaintiff it was attempting to collect a debt related to a fraudulent check.

19. In other communications, Defendant indicated it was collecting a debt related to a $1,500 pay day loan from 2001.

20. Plaintiff is unaware of any outstanding pay day loans he has, and is unaware of any issues concerning a fraudulent check.

21. Defendant also called Plaintiff's mother in November 2014 and indicated it was trying to locate Plaintiff to speak with him about a debt.

22. This disclosure was highly embarrassing to Plaintiff as he does not share his personal finances with his mother.

23. Frustrated by Defendant's repeated calls and disclosure to his mother, Plaintiff demanded that Defendant cease calling about this debt.

24. Despite this clear revocation of consent, Defendant continued to call Plaintiff.

25. On some occasions, Plaintiff would hang up on Defendant, and Defendant would immediately call back.

26. In March 2015, Defendant called Plaintiff on a few occasions prior to 8:00am.

27. Defendant also threatened to serve Plaintiff at both his residence and work, and indicated it was going to take legal action against him.

28. Plaintiff was never served and upon information and belief, Defendant has never sued Plaintiff for this debt, and never intended to sue him.

29. Further, Defendant threatened to report this debt to the credit bureaus, and did report it to Experian.

30. Upon information and belief, Defendant did not advise the credit bureaus that the debt was disputed.

31. Finally, within five (5) days of its initial contact with Plaintiff, Defendant failed to send anything in writing to Plaintiff setting forth his rights pursuant to the FDCPA.

32. Defendant's actions as described herein were made with the intent to harass, abuse, and coerce payment from Plaintiff for the alleged debt.

**COUNT I**
**DEFENDANT VIOLATED § 1692d OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

33. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

34. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, and when it engaged in other harassing or abusive conduct.

## COUNT II
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

35. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

36. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT III
## DEFENDANT VIOLATED § 1692b(2) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

37. Section 1692b(2) of the FDCPA prohibits debt collectors from stating that a consumer owes any debt when communicating with any person other than the consumer for the purpose of acquiring location information about the consumer.

38. Defendant violated § 1692b(2) of the FDCPA when it told Plaintiff's mother it was attempting to collect a debt from Plaintiff.

## COUNT IV
## DEFENDANT VIOLATED § 1692c(a)(1) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

39. Section 1692c(a)(1) of the FDCPA prohibits debt collectors, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, from communicating with a consumer in connection with the collection of any debt -- (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antimeridian and before 9 o'clock postmeridian, local time at the consumer's location.

40. Defendant violated § 1692c(a)(1) of the FDCPA when it called Plaintiff prior to 8:00am.

## COUNT V
## DEFENDANT VIOLATED § 1692c(b) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

41. Section 1692c(b) of the FDCPA prohibits debt collectors, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, or as reasonably necessary to

effectuate a postjudgment judicial remedy, from communicating, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

42. Defendant violated § 1692c(b) of the FDCPA when it disclosed the debt to Plaintiff's mother.

## COUNT VI
## DEFENDANT VIOLATED §§ 1692e and 1692e(10) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

43. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44. Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

45. Defendant violated §§ 1692e and 1692e(10) of the FDCPA when it misrepresented the type of debt it was trying to collect, tried to collect a debt that Plaintiff does not owe, threatened to sue Plaintiff without the intention to take such action, and when it threatened and did report this debt to the credit bureaus for a debt Plaintiff did not owe.

## COUNT VII
## DEFENDANT VIOLATED § 1692e(2)(a) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

46. Section 1692e(2)(a) of the FDCPA prohibits debt collectors from falsely representing the character, amount, or legal status of any debt.

47. Defendant violated § 1692e(2)(a) of the FDCPA when it misrepresented the nature of the debt and that Plaintiff owed a debt when he did not.

## COUNT VIII
## DEFENDANT VIOLATED § 1692e(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

48. Section 1692e(5) of the FDCPA prohibits debt collectors from threatening to take action that cannot legally be taken or that is not intended to be taken.

49. Defendant violated § 1692e(5) of the FDCPA when it threatened to take legal action against Plaintiff that was not intended.

## COUNT IX
## DEFENDANT VIOLATED §§ 1692f and 1692f(1) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

50. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

51. Section 1692f(1) of the FDCPA prohibits debt collectors from collecting of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

52. Defendant violated §§ 1692f and 1692f(1) when it sought to collect a debt that Plaintiff did not owe.

## COUNT X
## DEFENDANT VIOLATED § 1692g(a) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

53. Section 1692g(a) of the FDCPA states that within five days after the initial communication with a consumer in connection with the collection of a debt, a debt collector shall send the consumer a written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, the manner in which to dispute the debt, and that if the debt is disputed, that the debt collector will obtain verification of the debt, and will provide information to Plaintiff on how to dispute the debt.

54. Defendant violated § 1692g(a) of the FDCPA when it failed to provide any written notification or any information in writing to Plaintiff in regards to the alleged debt within five days of its initial contact with the Plaintiff, including how to dispute the debt or obtain verification of the debt, in violation of the FDCPA.

## COUNT XI
## DEFENDANT VIOLATED § 1692e(8) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

55. Section 1692e(8) of the FDCPA prohibits debt collectors from communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

56. Defendant violated § 1692e(8) of the FDCPA when it reported to the credit bureaus Plaintiff owed a debt but did not indicate it was disputed.

## COUNT XII
## DEFENDANT VIOLATED THE
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

57. In its actions to collect a disputed debt, Defendant violated Cal. Civ. Code §1788.17, which mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j of the FDCPA inclusive.

## COUNT XIII
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

58. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice.

59. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

60. Defendant's calls to Plaintiff were not made for emergency purposes.

61. Defendant's calls to Plaintiff were made after Plaintiff had explicitly revoked any consent that was previously given.

62. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

63. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

64. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, CRAIG ADAMS, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d. All actual damages, statutory damages, reasonable attorney's fees and costs, and any other litigation costs incurred by Plaintiff pursuant to the RFDCPA at Cal. Civ. Code § 1788.17;

    e. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    f. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    g. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    h. Injunctive relief pursuant to 47 U.S.C. §227(b)(3);

    i. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

    PLEASE TAKE NOTICE that Plaintiff, CRAIG ADAMS, demands a jury trial in this case.

                                      RESPECTFULLY SUBMITTED,

DATED: July 23, 2015        KIMMEL & SILVERMAN, P.C.

                                  By: <u>/s/ Amy L. Bennecoff Ginsburg</u>
                                      Amy L. Bennecoff Ginsburg (275805)
                                      Kimmel & Silverman, P.C
                                      30 East Butler Pike
                                      Ambler, PA 19002
                                      Telephone: (215) 540-8888
                                      Facsimile (215) 540-8817
                                      Email: aginsburg@creditlaw.com
                                      Attorney for Plaintiff